The opinion of the Court was delivered by
O’Neall, J.
In this case the Court is satisfied with the decision below.
It is apparent, from the Act of 1816, that, for jurors attending the City Court, it was not intended to provide.
Indeed, then the City Court had no such person as a petit juror in attendance.
Their jurors were no more than plea jurors; and most probably, were hardly then entitled to that rank.
The Act which undertook to clothe the City Court with very enlarged powers, and to make the Recorder a Judge, was subsequent to the Act giving petit jurors compensation, and cannot help us out of the supposed difficulty.
It is true, that grand jurymen were, by a subsequent Act, ,di *124 rected to be paid, but they were then put on the same footing as the petit jurors.
It is plain, that no one but a Clerk of the Court of General Sessions of the Peace and Common Pleas for a District, can sign a certificate, and no one but a Judge can countersign it.
The Clerk of the City Court and the Recorder are neither of those officers.
Indeed, there are so many grave objections to the position, that the Recorder elected by a corporation should rank as a Judge, without a commission from the State, that it may be well for the safety of the jurisprudence of the city, that the Legislature should revise the laws relating to the City Court.
The motion is dismissed.
Wardlaw, Withers, WhitNer, Glover and Munro, J J., concurred.

Motion dismissed.